

TENAE SMITH                                          *    IN THE
2355 Perring Manor Rd.
Baltimore, MD 21234                                  *    CIRCUIT COURT

and                                                  *    FOR

HOWARD SMITH                                         *    BALTIMORE CITY
3809-D Dunsmuir Circle
Middle River, MD 21210,                              *

     *On their own behalf and on behalf*    *
     *of all others similarly situated,*

                                       *

     Plaintiffs,

                                       *

     v.                                 *    Case No.:

WESTMINSTER MANAGEMENT, LLC                          *
30A Vreeland Rd., Ste. 220
Florham Park, NJ 07932,                              *

     Serve on resident agent:
     National Registered Agents, Inc., of MD    *
     2405 York Road, Suite 201
     Lutherville-Timonium, MD 21093,            *

and                                                  *

JK2 WESTMINSTER, LLC                                 *
30A Vreeland Rd., Ste. 220
Florham Park, NJ 07932,                              *

     Serve on:                                  *
     State Department of Assessments and
     Taxation                                   *
     301 W. Preston Street
     Baltimore, MD 21201-2395,                  *

and                                                  *

CARROLL PARK HOLDINGS, LLC                           *
11 East 44th Street, 10th Floor
New York, NY 10017,                                  *

Serve on resident agent:          *
CSC-Lawyers Incorporating
Service Company                   *
7 St. Paul Street, Suite 820
Baltimore, MD 21202,              *

and                               *

DUTCH VILLAGE, LLC                *
c/o JK2 Westminster LLC    .
9658 Baltimore Ave., Suite 300    *
College Park, MD 20740,
                                  *

Serve on resident agent:
National Registered Agents, Inc., of MD   *
2405 York Road, Suite 201
Lutherville-Timonium, MD 21093,   *

Defendants.                       *

*       *       *       *       *       *       *       *       *       *       *       *

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs Tenae Smith and Howard Smith ("Plaintiffs" or "Named Plaintiffs'),

individually and on behalf of all others similarly situated (the "Class" or "Class Members"),

through their undersigned counsel, file this Class Action Complaint and Demand for Jury Trial

and allege as follows:

### Background

1.      Plaintiffs bring this action against Defendants Westminster Management, LLC

("Westminster"), JK2 Westminster LLC ("JK2 Westminster"), Carroll Park Holdings, LLC

("Carroll Park"), and Dutch Village, LLC ("Dutch Village"), the landlords who have rented

apartments to Plaintiffs and other Class Members, for charging and collecting impermissible and

illegal fees related to the alleged late payment of rent.

2.     Defendants add these fees to the rent they charge Plaintiffs and other Class Members and require them to pay these fees in order to continue to live in their apartments.

3.     If Plaintiffs and Class Members do not pay the improper fees, Defendants file summary eviction proceedings to collect these fees, even when the tenant's rent is current.

4.     If a tenant has not paid his or her monthly rent in full by the end of the fifth day of a month, Defendants charge not only a "late fee," which purports to be 5% of the monthly rental payment, but also other fees.

5.     Specifically, around the same time they charge late fees, Defendants charge their tenants two fees, which they list as a "court fee" and an "agent fee" on the ledgers of the amounts owed by the tenants. The purported court fee is charged even though such a fee has not been awarded by a court and is often never awarded by a court. Defendants nonetheless charge and collect these fees from tenants and regularly refuse to accept tenants' payments of the actual amount of rent due until such fees are also paid.

6.     Defendants also charge the 5% "late fee" on the full amount of the month's rent, even if the tenant has paid the rent in part, and include items other than late rent in the principal on which they assess the 5% late fee.

7.     After charging these improper fees, if Defendants accept subsequent tenant rent payments that do not include the illegal fees, then, pursuant to their standard practices and/or lease provisions, Defendants misallocate tenants' subsequent rent payments in part to the illegal fees. Because they have misallocated rent payments to fees, Defendants deem the rent payment insufficient to pay the rent in full. They then deem the tenant's rent "late" (even when it is not), and charge additional 5% late fees and illegal court and agent fees.

8.      Pursuant to § 8-208(d) of the Real Property Article of the Maryland Code, "[a] landlord may not use a lease or form of lease containing any provision that … (3)(i) Provides for a penalty for the late payment of rent in excess of 5% of the amount of rent due for the rental period for which the payment was delinquent."

9.      Section 8-208(g)(1) of the Real Property Article of the Maryland Code provides that "[a]ny lease provision which is prohibited by terms of this section shall be unenforceable by the landlord." Further, § 8-208(g)(2) allows for the tenant to recover actual damages and reasonable attorney's fees if the landlord "tenders a lease containing such a provision or attempts to enforce or makes known to the tenant an intent to enforce any such provision."

10.      Given Defendants' actions and violations, Maryland law entitles Plaintiffs and the Class to compensatory damages, a declaratory judgment, and injunctive relief, along with their attorneys' fees and expenses.

11.      Defendants' violations of Maryland law have enriched Defendants unfairly at the expense of Maryland tenants in the Class.

12.      Defendants' failure to comply with Maryland law is done knowingly.

Parties

13.      Plaintiff Tenae Smith is a tenant living in the Dutch Village Apartments in Baltimore City, which are owned by Dutch Village and currently managed by Westminster. Ms. Smith has been charged by and paid the illegal fees to Westminster, JK2 Westminster, and Dutch Village, under threat of eviction by those Defendants.[1]

14.      Plaintiff Howard Smith (no relation to Tenae Smith) is a tenant living in the Carroll Park Apartments in Baltimore County, which are owned by Carroll Park Holdings, LLC

---

[1] Tenae Smith originally signed a lease for her unit at Dutch Village with Sawyer Property Management of Maryland LLC, a predecessor in interest to JK2 Westminster, on March 30, 2009.

4

and currently managed by Westminster. Mr. Smith has been charged by and paid the illegal fees to Westminster, JK2 Westminster, and Carroll Park Holdings, LLC, under threat of eviction by those Defendants, and he has received eviction notices even though he has paid his rent timely.

15.     Defendant JK2 Westminster LLC is a limited liability company organized under the laws of Delaware. Mr. Smith signed a lease with JK2 Westminster. JK2 Westminster dissolved on or about December 30, 2016.

16.     Defendant Westminster Management, LLC is a limited liability company organized under the laws of New Jersey. Westminster is the managing agent at approximately 17 multi-family rental properties in Maryland, including the properties where Ms. Smith and Mr. Smith reside.

17.     Defendant Carroll Park Holdings, LLC is a limited liability company organized under the laws of Delaware. Carroll Park is the property owner of the apartment complex where Mr. Smith resides.

18.     Defendant Dutch Village, LLC is a limited liability company organized under the laws of Maryland. Dutch Village is the property owner of the apartment complex where Ms. Smith resides.

### Jurisdiction and Venue

19.     Subject matter jurisdiction is proper under Md. Code Ann., Cts. & Jud. Proc. § 1-501.

20.     This Court has jurisdiction of this matter pursuant to Md. Rule 2-231 in order to facilitate management of multiple similar claims. Maryland law does not permit class actions to be maintained in the District Court of Maryland.

21.    Venue is proper in that Defendants Westminster and Dutch Village transact business within Baltimore City, and Plaintiff Tenae Smith resides in Baltimore City.

22.    Declaratory and injunctive relief are available pursuant to Md. Code Ann., Cts. & Jud. Proc. § 3-401, *et seq.* and Md. Rule 2-231(b)(2).

### Factual Allegations for Plaintiffs

23.    At all relevant times, Carroll Park has acted as owner and landlord of Carroll Park Apartments, where Mr. Smith resides, and Dutch Village has acted as owner and landlord of Dutch Village Apartments, where Ms. Smith resides.

24.    At all relevant times, JK2 Westminster and/or Westminster also acted as landlord and property manager of Carroll Park Apartments, and Dutch Village Apartments, as well as approximately 15 other apartment complexes in Maryland.

25.    At all relevant times, JK2 Westminster and/or Westminster also acted as agent for Carroll Park, Dutch Village, and the owners of the other approximately 15 apartment complexes in Maryland under the umbrella of JK2 Westminster and/or Westminster (collectively the "Owners").

26.    On information and belief, upon JK2 Westminster's dissolution in approximately December 2016, Westminster succeeded fully to JK2 Westminster in its responsibilities and liabilities as landlord and in its agency relationships with the Owners, including Dutch Village and Carroll Park.

27.    On information and belief, Westminster and JK2 Westminster have employed standardized, uniform lease provisions and practices relevant to the allegations of this Complaint at all of the Owners' residential rental properties in Maryland as further described in the paragraphs that follow.

6

28.     Specifically, on information and belief, the leases and/or leasing practices that Westminster and JK2 Westminster have used and enforced at all approximately 17 of the Owners' apartment complexes in Maryland, which they have managed and for which they have acted as landlord, including Carroll Park Apartments and Dutch Village Apartments and the leases for Mr. Smith and Ms. Smith, include provisions that purport to allow the landlord to:

    A. Charge the tenant late fees over and above 5% of the rent amount due for the rental period for which the payment was delinquent, including:

        1. An "agent fee";

        2. A "summons fee" or "writ fee" (even though no Court has yet awarded such fees); and

        3. 5% of the gross monthly rent (rather than 5% of the net rent remaining due for that month, after deducting any payments made);

    B. "Deem" charges other than rent to be rent, including "late charges, agent's fees, attorney's fees, court costs, obligations other than rent..., other past due rent other than monthly rent, past due monthly rent, current monthly rent," thereby triggering late fees even when none are due and increasing the amount of "rent" on which it calculates late fees; and

    C. Apply tenants' rent payments to debts owed to the landlord other than rent in the following order: "late charges, agent's fees, attorney's fees, court costs, obligations other than rent, other past due rent other than monthly rent, past due monthly rent, [and] current monthly rent," thereby reducing the amount of a payment that is applied to rent, triggering late fees even when none are due, and increasing the amount of purported "rent" on which it calculates late fees.

29.    As a regular practice, Defendants threaten to evict tenants (including Mr. Smith and Ms. Smith) in communications with the tenants and by filing eviction actions against tenants when the tenants fail to pay the illegal fees, even in cases where the tenants have paid their monthly rent on time.

30.    As a regular practice, Defendants charge tenants (including Mr. Smith and Ms. Smith) for "summons fees" before any such amounts have been awarded by a court, and sometimes before any action has been filed in court.  Similarly, as a regular practice, Defendants charge tenants (including Mr. Smith and Ms. Smith) for "writ fees" before any such amounts have been awarded by a court.

31.    As a regular practice, Defendants and their agents (including eWrit Filings, LLC) add late fees to tenants' ledgers (i.e., the account of how much they say tenants owe) and to claims for nonpayment of rent in District Court that include amounts in excess of 5% of the amount of rent due for the rental period for which the payment was delinquent.

32.    As a regular practice, if a tenant (including Mr. Smith or Ms. Smith) pays his or her rent after 4:30 p.m. on the fifth day of a month, Defendants add a late fee equal to 5% of either the amount of the tenant's monthly rent or the amount of the balance owed on the tenant's account (which sometimes includes charges that are not rent), plus an "agent fee" of $10 (sometimes more), plus "summons fees" of $20 to $30 (even if no case has been filed in court, and even if no court has entered any judgment for costs).

33.    As a regular practice, Defendants misallocate rent payments from tenants (including Mr. Smith and Ms. Smith) to non-rent charges. They then assert wrongly that the rent has not been paid in full and charged the tenants fees, including "Legal – Agent Fees" and "Legal – Summons Fees."

34.     For example, despite Mr. Smith having paid his August 2016 rent in full, JK2 Westminster and Carroll Park misallocated a portion of that rent payment to non-rent charges, "deemed" his rent to be late, charged him a "Legal – Summons Fee" in the amount of $20 (though no court had awarded such a fee at the time it was charged) and a "Legal – Agent Fee" in the amount of $10 for that month, and filed an eviction action against him seeking only non-rent fees and charges as "rent."

35.     In March 2017, Westminster and Carroll Park charged Mr. Smith additional late fees, above and beyond 5% of his monthly rent, including a "Legal – Summons Fee" of $20 (though no court had awarded such a fee) and a "Legal – Agent Fee" of $10 for that month.

36.     In April and May 2017, Westminster and Carroll Park: (a) misallocated timely rent payments that Mr. Smith made; (b) charged him 5% late fees that he did not owe and only included amounts other than rent (including water bills, late fees, and court costs); and (c) charged him additional late fees, above and beyond 5% of his monthly rent, including "Legal Agent – Fees" of $10 per month and "Legal – Summons Fees" of $20 per month (though no court had awarded such fees as costs at the time they were charged).

37.     Mr. Smith paid all of the fees Westminster and Carroll Park illegally charged him in order to stay in his home and avoid eviction.

38.     Even when Mr. Smith paid his rent in full, Westminster and Carroll Park still sent him illegal and predatory notices seeking payment of additional, often illegal fees under threat of eviction.

39.     For example, on March 15, 2017, Mr. Smith paid the full amount of his monthly rent and water bill.

40.     On or about March 15, 2017, Westminster left a card for Mr. Smith on his door that stated: "PLEASE PAY THE AMOUNT BELOW TO AVOID ADDITIONAL CHARGES AND COURT FILING RECORDS. Total Owed: $134.20 . . . Promise to Pay Date: 3/20/17." The card contains Westminster's name and logo.  This figure represented only fees and other non-rent charges.

41.     With respect to Tenae Smith, on or about August 31, 2015, JK2 Westminster and Dutch Village charged Ms. Smith $80 for a "Writ Filing Fee" (even though the actual cost of filing a warrant of restitution at that time was $50 and no court had awarded such a fee), and $12 for an "Agent Filing Fee."

42.     In September 2015, December 2016, and March, April, May, and July, 2017, Westminster and Dutch Village charged Ms. Smith additional late fees, above and beyond 5% of her monthly rent, including a "Legal – Summons Fees" of $20 per month (though no court had awarded such fees at the time they were charged) and an "Agent Filing Fee" of $10 per month.

43.     Also in December 2016 and June 2017, Westminster and Dutch Village charged Ms. Smith 5% late fees that she either did not owe or on amounts that included amounts other than rent (including water bills, late fees, and additional fees).

44.     In order to stay in her home and avoid eviction, Ms. Smith paid all of the fees she was illegally charged.

45.     To further their illegal and predatory fee scheme, Westminster and Dutch Village sometimes rejected Ms. Smith's rent payments if the payments did not include the full amount of all fees, and they threatened her with additional fees if all fees were not paid as demanded.

46.     For example, on or about July 16, 2017, Ms. Smith tendered payment of $795 to Westminster, the amount of rent due and owing for July.

10

47. On or about July 17, 2017, with an eviction action pending, Westminster sent Ms. Smith a letter rejecting her payment of the full rent due and owing for July 2017, and instead demanding payment of $944.70, apparently including the late fee and illegal fees, which amount Ms. Smith ultimately paid.

48. Per previous letters from Westminster, including one from January 24, 2017, Ms. Smith understood that if she did not pay the amount demanded, Westminster would charge her additional late fees, agent fees, and premature court fees because of an alleged "balance" on her account.

## Class Action Allegations

49. Named Plaintiffs Tenae Smith and Howard Smith bring this action individually and on behalf of all persons similarly situated.

50. The Class consists of: All persons who are or were tenants in a residential rental property in Maryland managed by Westminster and/or JK2 Westminster, and who since September 27, 2014, have been subject to lease provisions or standard practices of one or more of the Defendants that (1) impose or threaten to impose fees related to the non-payment of rent other than a late fee of no more than 5% of the amount of rent due for the period for which the payment was delinquent, actual costs awarded by the court, and other fees authorized by statute, and/or (2) misallocate rent payments to non-rent charges.

51. Excluded from the Class are:

     a. those individuals who now are or ever have been employees of Defendants and the spouses, parents, siblings, and children of all such individuals; and

      b.   any individual who was granted a discharge pursuant to the United States

           Bankruptcy Code or state receivership laws after the date of all such

           improper fees or misallocations of payments.

52.     The Class, as defined above, is identifiable. Named Plaintiffs are members of the Class.

53.     On information and belief, as a part of their routine business practices in Maryland, Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have systematically and regularly charged Plaintiffs and other Class Members fees in excess of 5% of the amount of rent due for a rental period for which a rent payment was delinquent, and charged late fees even when tenants paid their rent on time.

54.     On information and belief, as a part of their routine business practices in Maryland, Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have systematically and regularly filed eviction proceedings against Plaintiffs and Class Members who have paid their rent on time, and have wrongfully applied rental payments to other charges, including the excessive, illegal, and/or premature fees described above.

55.     Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have knowingly assessed, demanded, and collected or attempted to collect from Plaintiffs and Class Members fees in excess of the permissible 5% late fee and other fees for which tenants were not liable as a matter of law, and have charged late fees even when tenants have paid their rent on time.

56.     Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have knowingly assessed, demanded, and collected or attempted to collect from Named Plaintiffs

and other Class Members "agent fees" in addition to and thereby exceeding the 5% late fee allowed by law.

57.     Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have knowingly assessed, demanded, and collected or attempted to collect from Named Plaintiffs and other Class Members "court fees" prior to being awarded "court fees" by a court. Often these "court fees" are never awarded by a court.

58.     Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have knowingly filed eviction proceedings against Named Plaintiffs and other Class Members when they have paid their rent on time, and have wrongfully applied rental payments to other fees and non-rent charges.

59.     On information and belief, Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have made unlawful demands to Named Plaintiffs and the Class, have falsely represented to Named Plaintiffs and the Class that fees in excess of the permissible 5% late fee were owed, and have collected money from Named Plaintiffs and Class Members to which Defendants were not entitled.

60.     On information and belief, at all relevant times, Westminster and JK2 Westminster, on behalf of themselves and/or the Owners, have had actual knowledge that Named Plaintiffs and the Class were being charged improper and illegal fees in excess of the permissible 5% late fee and that Named Plaintiffs and the Class were not liable for such fees, but have nevertheless persisted in their unlawful billing and collection activities, including threat and/or initiation of eviction proceedings.

61.     Unless and until this Court grants the declaratory and injunctive relief that Plaintiffs seek through this action, Westminster and JK2 Westminster, on behalf of themselves

and/or the Owners, will continue to engage in business practices that violate Maryland law and result in profits to which Defendants are not entitled.

62.     Upon information and belief, the Class consists, at a minimum, of several hundred Maryland tenants and is thus so numerous that joinder of all members is impracticable.

63.     There are questions of law and fact that are not only common to the Class but that predominate over any questions affecting individual class members.  The common and predominating questions include, but are not limited to:

    a.   Whether Defendants charged Class Members late fees in excess of 5% of the amount of rent due for any period for which a payment was delinquent, under the guise of "agent fees" and premature "court fees";

    b.   Whether Defendants assessed, attempted to collect, and/or collected late fees from Class Members in excess of 5% of the amount of rent due for any period in which a payment was delinquent when they included items other than monthly rent, such as water bills, alarm fees, "agent fees," and other non-rent charges, in the calculation of the late fee;

    c.   Whether Defendants assessed, attempted to collect, and/or collected from Class Members fees in excess of 5% of the amount of rent due for the rental period for which the payment was delinquent, which Defendants had no legal right to demand or collect, and for which the Class Members were not liable;

    d.   Whether declaratory and injunctive relief is proper to prevent Defendants from continuing to assess, attempt to collect, and/or collect illegal amounts from Class Members; and

e.   Whether the Class is entitled to a refund of all improper fees paid to Defendants, as well as interest accrued and attorneys' fees.

64.    Named Plaintiffs' claims are typical of the claims of the respective members of the Class within the meaning of Maryland Rule 2-231(a)(3), and are based on and arise out of similar facts constituting Defendants' wrongful conduct.

65.    The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Maryland Rule 2-231(b)(1)(A).

66.    The actions of Westminster and JK2 Westminster, on behalf of themselves and/or Carroll Park, Dutch Village, and other Owners are applicable to the Class as a whole.

67.    Carroll Park's actions are applicable to Mr. Smith and all other similarly situated residents and former residents of Carroll Park Apartments.

68.    Dutch Village's actions are applicable to Ms. Smith and all other similarly situated residents and former residents of Dutch Village Apartments.

69.    Named Plaintiffs seek equitable remedies with respect to the Class as a whole within the meaning of Maryland Rule 2-231(b)(2).

70.    Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of this controversy within the meaning of Rule 2-231(b)(3). The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation and the fact that Defendants affirmatively misrepresent to consumers their rights and obligations under threat of eviction.

71.     Plaintiffs' counsel are experienced in class actions and foresee little difficulty in the management of this case as a class action.

72.     Named Plaintiffs are adequate representatives of the Class, have no interests antagonistic to the Class, and will fairly represent the interests of the Class in accordance with their affirmative obligations and fiduciary duties.

<u>Count One</u>
(Violation of Maryland Real Property Article § 8-208)
Against all Defendants

73.     Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

74.     Pursuant to Md. Code Ann., Real Prop. § 8-208(d), "[a] landlord may not use a lease or form of lease containing any provision that. . . (2) Has the tenant agree to waive or to forego any right or remedy provided by applicable law [or] (3)(i) Provides for a penalty for the late payment of rent in excess of 5% of the amount of rent due for the rental period for which the payment was delinquent."

75.     Md. Code Ann., Real Prop. § 8-208(g)(1) provides that "[a]ny lease provision which is prohibited by terms of this section shall be unenforceable by the landlord." Further, § 8-208(g)(2) allows for the tenant to recover actual damages and reasonable attorneys' fees if the landlord "tenders a lease containing such a provision or attempts to enforce or makes known to the tenant an intent to enforce any such provision."

76.     Defendants have violated and continue to violate § 8-208(d) and (g) in two ways: First, in violation of § 8-208(d)(3) and as described above, Defendants have charged, attempted to collect, and/or collected what are effectively penalties related to the late payment of rent in excess of 5% of the amount of rent due for the period for which the rent was delinquent.

16

77.     Second, in violation of § 8-208(d)(2), the form residential leases used by Defendants, including the leases signed by Mr. Smith and Ms. Smith, attempt in various provisions to define all charges allegedly due and owing to Defendants, including the illegal and excessive fees described above, and numerous other charges, as "rent," and claim the right to misallocate tenants' payments intended as rent first to these non-rent and/or illegal charges.

78.     In practice, Defendants improperly treat all charges allegedly due and owing to Defendants under the leases, including the illegal and excessive fees described above and numerous other charges, as "rent," and misallocate tenants' payments intended for rent first to these non-rent charges.

79.     Defendants, by and through their agent, eWrit Filings, LLC, then file complaints against tenants for summary eviction for alleged failure to pay rent under Md. Code Ann., Real Prop. § 8-401, even when the tenants have paid their rent in full, and seek to recover amounts that are not rent.

80.     By purportedly allowing Defendants to define all charges as rent, misallocate tenants' rent payments to non-rent and illegal charges, and then bring eviction actions under Md. Code Ann., Real Prop. § 8-401 for failure to pay rent, these provisions in Defendants' form leases operate and have operated to waive tenants' rights under Maryland and local law to be summarily evicted only for failure to pay rent under Md. Code Ann., Real Prop. § 8-401 – not for failure to pay other non-rent charges and illegal fees.

81.     Plaintiffs have signed leases with respective Defendants as described above that include the misallocation clauses described in this section, and/or Defendants have misallocated rent payments from Plaintiffs to non-rent and/or illegal charges under those clauses and then sought to summarily evict Plaintiffs for failure to pay these non-rent charges.

82.    Plaintiffs have been forced to pay these non-rent charges and illegal fees, as well as other consequential late fees, illegal fees, and court fees churned pursuant to this misallocation provision (i.e., fees charged on top of fees or on payments that were only "late" because of previous improper fees) in order to avoid eviction or non-renewal.

83.    Defendants violated Md. Code Ann., Real Prop. § 8-208 and must pay to Plaintiffs and Class Members actual damages and reasonable attorneys' fees.

84.    As a proximate result of Defendants' violations of Md. Code Ann., Real Prop. § 8-208, Plaintiffs and Class Members have suffered injury and damages, including, but not limited to, the amounts of the illegal, excessive fees that Plaintiffs and Class Members were required to pay, as well as consequential, wrongful fees charged to their accounts.

**Count Two**
**(Violation of the Maryland Consumer Debt Collection Act,**
**Md. Code Ann., Com. Law § 14-202)**
**Against all Defendants**

85.    Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

86.    Defendants' actions in collecting and/or attempting to collect fees in excess of 5% of the amount of rent due for a period for which the payment was delinquent violate Md. Code Ann., Com. Law § 14-202(8), which prohibits a debt collector from making any "[c]laim, attempt, or threat[] to enforce a right with knowledge that the right does not exist."

87.    Defendants' collection of illegal fees that it does not have a legally enforceable right to collect also violates § 14-202(8).

88.    Defendants also violated Md. Code Ann., Com. Law § 14-202(8) by filing Failure to Pay Rent actions when Plaintiffs and Class Members were current on their rent.

89.     Under Md. Code Ann., Com. Law § 14–202(6), a debt collector, in collecting or attempting to collect an alleged debt, may not "[c]ommunicate with the debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." Defendants' actions in attempting to collect and/or collecting fees in excess of 5% of the amount of rent due for a period for which the payment was delinquent violates Md. Code Ann., Com. Law § 14-202(6) because it constitutes a communication that is expected to abuse or harass the debtor.

90.     Defendants also violated Md. Code Ann., Com. Law § 14-202(6) by filing Failure to Pay Rent actions when Plaintiffs and the Class were current on their rent.

91.     Defendants' statements that Plaintiffs and Class Members would be required to pay attorneys' fees and court costs unless Defendants received the demanded payments violates Md. Code Ann., Com. Law § 14-202(9), which prohibits a debt collector from "[u]s[ing] a communication which . . . gives the appearance of being authorized, issued or approved by a government, governmental agency, or lawyer when it is not."

92.     The excessive and illegal fees concerned "real or personal property, services, money, or credit for personal, family, or household purposes," Md. Code Ann., Com. Law § 14-201(c), namely the underlying debt was for personal, residential housing.

93.     Defendants are "collectors" under Md. Code Ann., Com. Law § 14-201(b), as they attempted to collect and/or collected an alleged debt arising out of a consumer transaction, namely a personal, residential lease transaction.

94.     Plaintiffs have been damaged as described above. Members of the Class have suffered similar damages. Defendants are liable for such damages as well as reasonable attorneys' fees and costs.

Count Three

(Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-303)
Against all Defendants

95.     Plaintiffs re-allege and incorporate by reference the allegations set forth above,
and further allege:

96.     Maryland's Consumer Protection Act ("CPA"), Md. Code Ann., Com. Law § 13-
101, *et seq.*, prohibits any "person" from engaging in any unfair or deceptive trade practices
regarding, among other things, the collection of consumer debts. Md. Code Ann., Com. Law
§ 13-303(5).

97.     Each Defendant is a "person" under the CPA, Md. Code Ann., Com. Law § 13-
101(h), and is thus prohibited from engaging in unfair and deceptive trade practices.

98.     The CPA specifically prohibits Defendants from making any false or misleading
oral or written statement or other representation of any kind which has the capacity, tendency, or
effect of deceiving or misleading consumers. Md. Code Ann., Com. Law § 13-301(1).

99.     The CPA further prohibits Defendants from failing to state a material fact if the
failure deceives or tends to deceive. Md. Code Ann., Com. Law § 13-301(3).

100.    In violation of the CPA, Md. Code Ann., Com. Law § 13-303(5) and § 13-301(1),
Defendants and their agents told Named Plaintiffs and Class Members that they were obligated
to pay illegal fees that were not legally enforceable.

101.    Defendants engaged in unfair and deceptive practices by attempting to collect
and/or collecting on monies that, in fact, were not legally due and were not legally enforceable,
and this conduct constitutes unfair and deceptive trade practices in violation of the CPA, Md.
Code Ann., Com. Law § 13-101 *et seq.*, including Md. Code Ann., Com. Law § 13-303(5), and
§§ 13-301(1) and (3).

20

102.   A violation of the Maryland Consumer Debt Collection Act, Md. Code Ann.,
Com. Law § 14-201, *et seq.*, is a *per se* violation of the CPA.

103.   As a result of Defendants' unfair and deceptive trade practices in violation of the
CPA, Plaintiffs and Class Members were induced to make payments to Defendants in excess of
what is legal, causing them injury or loss.

104.   Defendants acted knowingly while calculating, enforcing, collecting, and/or
attempting to enforce and collect fees in excess of those that are allowed by law and contract.

105.   Plaintiffs and the members of the Class seek to recover damages and their
attorneys' fees from Defendants.

<u>Count Four</u>
(Restitution and Unjust Enrichment)
Against all Defendants

106.   Plaintiffs re-allege and incorporate by reference the allegations set forth above,
and further allege:

107.   By paying money on the improper and illegal fees and costs demanded by
Defendants, Plaintiffs and Class Members conferred the benefit of these illegally demanded and
collected charges upon Defendants.

108.   Defendants accepted the benefits conferred upon them by Plaintiffs and Class
Members when they accepted the money paid toward illegally assessed fees and costs.
Defendants were aware of, and had knowledge of, the benefits conferred on them, as they
demanded those benefits.

109.   Defendants' collection, acceptance, and retention of the impermissible and illegal
fees and costs when they were not entitled to those charges as a matter of law is, was, and

21

continues to be unjust and inequitable. Defendants should not be permitted to retain the benefits of those illegal charges, and their continued withholding of the illegal charges is improper.

110.    Plaintiffs and Class Members conferred these unjust benefits upon Defendants after and as a result of Defendants' illegal misconduct as set forth in this complaint.

<u>Count Five</u>
(Breach of Contract)
Against all Defendants

111.    Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

112.    Defendants utilize standard form lease documents.

113.    The lease states that a tenant will only pay a late charge of 5% of the monthly rental amount in the event that the tenant fails to pay an installment of rent.

114.    Defendants breached the lease contracts with Plaintiffs and, upon information and belief, breached the lease contracts with Class Members, by charging late fees in excess of 5% of the amount of rent due for a period for which the payment was delinquent, by tacking on court-related fees that had not been awarded as costs by the court, by charging agent fees, and by misapplying rent payments to these fees and other non-rent charges.

115.    Plaintiffs and Class Members seek to recover damages in the amount of fees and costs Defendants charged them in excess of 5% of the amount of rent due for a rental period for which any payment was delinquent, in contravention of the lease provisions and Maryland law.

<u>Count Six</u>
(Declaratory and Injunctive Relief)
Against all Defendants

116.    Plaintiffs re-allege and incorporate by reference the allegations set forth above, and further allege:

22

117. Plaintiffs seek a declaration individually and on behalf of the Class that Defendants are not entitled to charge any late fees to their tenants in excess of 5% of the amount of rent due for any period for which the payment is allegedly delinquent, including any "agent fees" or unawarded "court fees." Only if a court in Maryland awards Defendants court costs are such costs permissible under the law.

118. Plaintiffs seek a declaration individually and on behalf of the Class that Defendants are not entitled to any fees when a tenant has paid his/her rent on time.

119. Plaintiffs seek a declaration individually and on behalf of the Class that, for purposes of calculating any late fee or other penalty, the "rent" on which that late fee or penalty is calculated may include only the base monthly rent (i.e., for Ms. Smith, $795, and for Mr. Smith, $808, for so long as they rent under their current leases), less the amount of any rent for that month that the tenant has tendered prior to the end of the fifth day of the applicable month.

120. Plaintiffs seek a declaration individually and on behalf of the Class that Defendants' lease provisions defining "rent" to include all charges due and owing to the Landlord and systematically misallocating all tenants' rent payments first to various fees before actual rent are illegal and unenforceable.

121. Defendants should be ordered to disgorge all fees in excess of those permissible under Maryland law that they have obtained from Plaintiffs and the Class as a result of collecting the impermissible and illegal fees and costs. The disgorged amounts are liquidated amounts.

122. Defendants should be enjoined from attempting to collect and/or collecting fees in excess of 5% of the amount of rent due for any period for which the payment is delinquent and from misapplying monthly rent payments to non-rent fees, including "agent fees" and unawarded "court fees."

123.   Alternatively, Plaintiffs seek a declaration that Defendants are not entitled to the assistance of any Maryland court in enforcing improper or illegal late fees or interest they seek to collect upon those improper and illegal late fees.

WHEREFORE, Plaintiffs pray that the following relief be granted to Plaintiffs and Class Members on their claims set forth above:

A.   The Court certify a class of persons as set forth herein or as may be amended, appoint Named Plaintiffs as Class Representatives, and appoint their counsel as Class Counsel;

B.   The Court enter a declaratory judgment establishing that, for purposes of calculating any late fee, the "rent" on which that penalty is calculated may include only the base monthly rent, less the amount of any rent for that month that the tenant has tendered prior to the end of the fifth day of the applicable month;

C.   The Court enter a declaratory judgment establishing that Defendants may not collect from Plaintiffs or any Class Member any late fees, unawarded court fees, or agent fees in excess of 5% of the amount of rent due for any rental period for which the payment was delinquent;

D.   The Court enter a declaratory judgment establishing that Defendants may not collect any late fees, unawarded court fees, or agent fees from Plaintiffs and Class Members when their rent is paid on time;

E.   The Court enter a declaratory judgment establishing that Defendants may charge only the fixed, periodic sum due from Plaintiffs and Class Members as "rent," may not define "rent" to include any other charges or fees, and may

not allocate Plaintiffs' and Class Members' payments first to non-rent obligations or fees;

F.   The Court enter an order granting Plaintiffs and Class Members a preliminary and permanent injunction prohibiting Defendants from attempting to collect and/or collecting fees from Plaintiffs and Class Members in excess of 5% of the amount of rent due for any period for which the payment is delinquent;

G.   The Court enter judgment in favor of Plaintiffs and Class Members and against Defendants, jointly and severally, in the amount of all sums paid by Plaintiffs and Class Members toward improper fees, costs, and other charges;

H.   The Court award pre-judgment and post-judgment interest against Defendants, jointly and severally, on all sums awarded to Plaintiffs and Class Members;

I.   The Court award to Plaintiffs and Class Members reasonable attorneys' fees and the costs of these proceedings against Defendants, jointly and severally; and,

J.   The Court order such other and further relief as the nature of this case may require.

K.   In compliance with Maryland Rule 2-305, Plaintiffs state that they seek damages in excess of $75,000 on behalf of themselves and all others similarly situated.

## NOTICE OF CLAIM FOR ATTORNEYS' FEES

Pursuant to Maryland Rule 2-703, Plaintiffs hereby give notice that they seek attorneys' fees in this case.

Respectfully submitted,

Andrew D. Freeman
Jean M. Zachariasiewicz
Brown, Goldstein & Levy, LLP
120 E. Baltimore Street, Suite 1700
Baltimore, MD 21202
Phone: 410-962-1030
Fax: 410-385-0869
jmz@browngold.com

Jane Santoni
Matthew Thomas Vocci
Chelsea Ortega
Santoni, Vocci & Ortega, LLC
401 Washington Avenue, Suite 200
Towson, Maryland 21204
Phone: 443-921-8161
Fax: 410-525-5704
cortega@svolaw.com

C. Matthew Hill
Public Justice Center
One North Charles Street, Suite 200
Baltimore, MD 21201
Phone: 410-625-9409
Fax: 410-625-9423
hillm@publicjustice.org

*Attorneys for the Named Plaintiffs
and the Class*

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the Class Members, demand trial by jury on all issues of fact.

Andrew D. Freeman

September 27, 2017