IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TENAE SMITH, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-17-3282 |
| WESTMINSTER MANAGEMENT, LLC, *et al.* | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiffs filed a six-count complaint against Defendants in the Circuit Court for Baltimore City on September 27, 2017. (Compl., ECF No. 2). Defendant Dutch Village, LLC removed the case to this Court on November 7, 2017 (Notice of Removal, ECF No. 1) and filed a Removal Statement the same day (ECF No. 6). On November 20, 2017, Defendants moved for leave to file a supplemental removal statement under seal ("Defendants' Motion") (ECF No. 21). On December 1, 2017, a group of three media organizations, the Baltimore Sun, ProPublica, and the Washington Post, filed a motion to intervene for the purpose of seeking an extension of time to intervene in opposition to Defendants' Motion. (*See* ECF No. 25.) On December 4, 2017, Plaintiffs themselves filed a response in opposition to Defendants' Motion (ECF No. 28). On December 8, 2017, the same media organizations, as well as WMAR-TV and the Associated Press (collectively, the "Media Intervenors"), moved to intervene for the purpose of opposing Defendants' Motion (ECF No. 31). For the reasons set forth below, the Court will grant in part the Media Intervenors' motion to intervene for the purpose of opposing the Defendants' Motion

(ECF No. 31), and therefore will deny as moot the Media Intervenors motion to intervene for the purpose of requesting additional time to intervene for the purpose of opposing Defendants' Motion (ECF No. 25).

Under Federal Rule of Civil Procedure 24(a) a court must permit nonparties to intervene if they "claim an interest relating to the property or transaction that is the subject of the action." When a party moves to seal records, "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co. v. Superior Court of Norfolk Cty.*, 457 U.S. 596, 609 n.25 (1982) (internal quotation marks omitted). The Fourth Circuit has held that "the press has standing to intervene in actions in which it is not otherwise a party to seek review of a district court's order sealing documents and court records." *Rosenfeld v. Montgomery Cty. Public Schs.*, 25 F. App'x 123, 131 (4th Cir. 2001) (citing, *inter alia*, *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 180-81 (4th Cir. 1988)). The local rules in this District explicitly provide time for "interested parties" to object to motions to seal documents. *See* Local Rule 105.11 (D. Md. 2016). Nonparty media intervenors have been permitted to intervene to seek access to records even when parties to the case have also opposed the sealing of records. *See, e.g.*, *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 572 ("[Plaintiff] . . . argued that under the First Amendment and the common law the public has a right of access to the . . . documents. Several media organizations ("Media Appellees") subsequently moved to intervene and to unseal all documents that had been filed under seal."); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988).

The Media Intervenors have standing to move to intervene for the purpose of seeking access to records that would otherwise be public, but for the Defendants' Motion. Defendants

oppose the Media Intervenors' motion to intervene primarily on the ground that the Media Intervenors appear to assert "the same argument already advanced by Plaintiffs." (Opp'n to Mot. Intervene Mem. Supp. 2, ECF No. 40-1.) The Defendants' argument appears to be that because the Plaintiffs in this case oppose Defendants' Motion, the Media Intervenors' intervention in this matter should only be permitted if they oppose Defendants' Motion for distinct reasons. That argument is unsupported by precedent in this District or Circuit.

Defendants' citation to *Commonwealth of Virginia v. Westinghouse Elec. Corp.*, 542 F.2d 214 (4th Cir. 1976) is misplaced. That case did not concern intervenors whose interest was in public access to information under the First Amendment or the common law. Although the Media Intervenors here may indeed make similar *arguments* as do the Plaintiffs in regard to their opposition to Defendants' Motion, the *interests* of the Media Intervenors and the Plaintiffs are different. The Plaintiffs will necessarily have access to the document in issue (i.e. the supplemental removal statement) because they are parties to the litigation; the Media Intervenors, if that document were sealed, would not.

The Media Intervenors have a right to intervene under Federal Rule of Civil Procedure 24(a). *See Globe Newspaper Co.*, 457 U.S. at 609 n.25. Therefore, the Media Intervenors' motion to intervene for the purpose of opposing Defendants' Motion will be granted in part. The Court will grant this motion only in part because in substance the Media Intervenors' motion to intervene is in part a motion to intervene and in part a substantive opposition to the Defendants' Motion. The Court will grant this motion in part to allow the Media Intervenors to intervene, but will not, at this time, issue a final decision on the disposition of the Defendants' Motion.

Having granted the Media Intervenors' motion to intervene, the Court now finds that the Defendants' Motion is ripe for review. That is, the Plaintiffs have responded in opposition (ECF

No. 28) and the Defendants have replied (ECF No. 39), and, in the Court's eyes, the Media Intervenors have moved to oppose the Defendants' Motion (ECF No. 31, in part), Defendants have responded in opposition to that motion (ECF No. 40) and the Media Intervenors have replied (ECF No. 41). To the extent that the Media Intervenors or the Defendants disagree with the Court's characterization of these filings, they may inform the Court of the nature of that disagreement, including any requests for additional briefing, within one week of the issuance of the order accompanying this memorandum.

DATED this 11th day of January, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge