# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TENAE SMITH, *et al.*, | * | |
| Plaintiffs | * | |
| v. | * | CIVIL NO. JKB-17-3282 |
| WESTMINSTER MANAGEMENT, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Plaintiffs Tenae Smith and Howard Smith brought an action on behalf of themselves and similarly situated individuals against Defendants Westminster Management, LLC, JK2 Westminster, LLC, Carroll Park Holdings, LLC, and Dutch Village, LLC (collectively, "Defendants"), in the Circuit Court for Baltimore City on September 27, 2017. (*See* Compl., ECF No. 2.) Plaintiffs brought only state law claims, but on November 7, 2017, Defendant Dutch Village, LLC ("Dutch Village"), removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (*See* Notice of Removal, ECF No. 1.) The other Defendants consented to removal. (*See* ECF No. 5.) Two Defendants did not fully disclose the citizenship of their members, and Defendants moved the Court for leave to file a supplemental removal statement under seal. (*See* ECF No. 21.) After opposition by the Plaintiffs and a group of Media Intervenors, the Court denied the Defendants' motion and ordered the Defendants to fully disclose the identity and citizenship of their membership by February 9, 2018. (*See* Mem. and Order, ECF No. 45.) Instead of disclosing such information, Dutch Village, with the consent

of all Defendants, moved to withdraw its notice of removal and requested that the Court remand this case to the Circuit Court for Baltimore City. (*See* ECF No. 48.) Plaintiffs responded, and agreed that the Court should remand the case, but requested that the Court retain jurisdiction in order to consider a motion for attorney's fees related to the litigation of Defendants' notice of removal and attempt to file a supplemental removal statement under seal. (*See* ECF No. 49.) Without knowledge of the Defendants' "upstream members" the Court cannot ascertain whether there is complete diversity and thus cannot confirm its jurisdiction. Accordingly the Court will grant Defendants' motion to withdraw their notice of removal and for remand and the case will return to the state court. Because the Court does not find that Defendants "lacked an objectively reasonable basis for seeking removal" it will not award Plaintiffs attorney's fees. An order shall issue accompanying this memorandum and setting forth this disposition.

**I.      *Background***

After Plaintiffs sued Defendants in the Circuit Court for Baltimore City, Dutch Village removed the case to this Court. In its Removal Statement, Dutch Village asserted that this Court had jurisdiction because the parties were diverse and the amount in controversy exceeded $75,000. (*See* Removal Statement.) Dutch Village, a limited liability company (LLC), asserted that it was not a citizen of Maryland, but it did not disclose the identity of its member's member's member(s). (Some of these entities are also LLCs.) The other Defendants consented to removal, but Defendant Carroll Park Holdings, LLC, similarly did not disclose the identity of its member's member's member(s).

The Defendants filed a motion for leave to file a supplemental removal statement under seal, essentially asking the Court for leave to disclose their member's member's member(s) (and so forth, if necessary) to the Court alone. (*See* ECF No. 21.) In essence, the Defendants feared

increased press coverage of the case, and possible bias against them, if this information was publicly disclosed.  After Plaintiffs and a group of Media Intervenor's opposed Defendants' motion, the Court denied Defendants' motion and ordered them to file the supplemental removal statement on the public record by February 9.

Instead of doing so, on that date Dutch Village filed a "Notice of Withdrawal of Notice of Removal." (*See* ECF No. 48.)  This document has a curious title, but familiar substance.  In it, Dutch Village "move[d] to withdraw its Notice of Removal, and respectfully request[ed] that this Court remand this matter to the Circuit Court for Baltimore City." (*Id.*)  Therefore, the Court construes this "notice" as a motion to remand.  Plaintiffs responded the same day, February 9. (*See* ECF No. 49.)  Plaintiffs did not oppose Dutch Village's motion, but did request that they be given an opportunity to request attorney's fees that they incurred while litigating this matter.

**II.   *Analysis***

That this motion comes by way of an odd procedural posture – Defendants removed the case *and* moved to remand – does not change the underlying statutory command: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  Neither does it affect the Court's statutorily-provided ability to assess attorney's fees: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

The question of whether to grant Defendants' motion to remand can be easily resolved. In addition to the fact that it is uncontested, the Court cannot determine that it has subject matter jurisdiction without knowledge of the citizenship of the parties.  Defendants, who bore "the burden of demonstrating that removal jurisdiction [was] proper," *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006), have failed to fully disclose their

3

citizenship. They have not carried their burden to establish subject matter jurisdiction. By law, "the case shall be remanded" to the Circuit Court for Baltimore City. 28 U.S.C. § 1447(c).

The question of whether to award Plaintiffs attorney's fees requires slightly more discussion before resolution. Under the statute, the Court *may* award such fees, and that decision is within the Court's discretion. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) (discussing 28 U.S.C. § 1447(c)). There is no presumption in favor of granting such fees, nor is there a "strong bias *against* fee awards" in this context. *Id.* at 137-38 (emphasis in the original). Still, "[t]he fact that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion." *Id.* at 139.

In *Martin v. Franklin Capital Corp.*, the Supreme Court determined that standard: "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." 546 U.S. at 136. When applying this general rule, courts "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140. Put differently, the overall goal here is to "reduce the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff" and the "objectively reasonable basis for removal" test is a convenient way to determine if defendants are genuinely seeking removal or abusing process.

The Court is unable to determine if the Defendants had an "objectively reasonable" *factual* basis for removal, as Defendants have chosen not to disclose the LLC Defendants' upstream membership. However, the Court finds that the Defendants did have an "objectively

4

reasonable" *legal* basis for removal, unlike a number of defendants who have been charged attorney's fees for improvident removals. *See, e.g.*, *Hyatt v. Johns*, Case No. GJH-16-2912, 2016 WL 8673870, at *3 (D. Md. Oct. 14, 2016) (in-state defendants removed case); *Dot Foods, Inc. v. Southern Foods Grp., LLC*, No. 1:10CV707, 2010 WL 4628193, at *2 (M.D.N.C. Nov. 4, 2010) (same); *Lomick v. LNS Turbo, Inc.*, No. 3:08-CV-00296-FDW, 2008 WL 5084201, at *2-*3 (defendants asserted federal question jurisdiction even though plaintiffs only brought state law claims). Dutch Village asserted that all of the parties were diverse and that the amount in controversy was over $75,000. (*See* Notice of Removal.) That is an objectively reasonable basis for removal. It would be *unreasonable* for Defendants to have believed that they could assert federal jurisdiction without fully disclosing enough information for the Court to determine citizenship, but it does not appear that Defendants believed as much. Rather, it would appear that Defendants believed that they could disclose such information to the Court alone, and not to the public. That belief was incorrect, but it was not unreasonable. Furthermore, the reasonableness (or not) of that belief is somewhat irrelevant; what matters is the reasonableness (or not) of the basis for removal. That Defendants wish to litigate in state court instead of disclosing their complete membership *now* has little bearing on whether it was reasonable to remove the case to this Court when they did so.

Most importantly, the Court is ever mindful of the purpose behind Section 1447(c). *See Martin*, 546 U.S. at 140. Even if this Court had found that Defendants lacked an objectively reasonable basis for seeking removal, it would *still* consider the overall purpose of preventing dilatory and wasteful litigation tactics before finally deciding whether to award fees. *See Hyatt*, 2016 WL 8673870, at *3 (finding that removal on diversity grounds by forum state defendants was an objectively unreasonable basis for removal, but also discussing that defendants' attorney

5

had engaged in this dilatory tactic multiple times before). Here, the Court is not concerned that the Defendants may have removed to this Court simply to waste Plaintiffs' time and money. The timing of this motion, filed on the very day on which the Defendants were ordered to publicly disclose the membership of the Defendant LLCs, strongly suggests the motivation behind this exercise. It does not appear that Defendants concocted a legally unsound basis for removal in order to delay resolution of the case. Instead Defendants likely removed the case assuming (albeit incorrectly) that they would not have to publicly disclose the members of the Defendant LLCs and then moved to remand when that assumption was proven wrong.

So, although there are certainly some "unusual circumstances" at work in this litigation, the Court will decline to exercise its discretion to award fees.[1] *See Martin*, 546 U.S. at 141. "When a court exercises its discretion in this manner . . . its reasons for departing from the general rule should be 'faithful to the purposes' of awarding fees under § 1447(c)." *Id.* The decision the Court makes today is faithful to both the general rule and the purpose of awarding fees.

**III.   *Conclusion***

The Court will grant Defendants' motion (ECF No. 48). Accordingly, the case will be remanded to the Circuit Court for Baltimore City. The Court does not find that Defendants lacked an objectively reasonable basis for removing the case, and therefore declines to include in its order remanding the case an assessment for attorney's fees.

---

[1] The Court holds some sympathy for Plaintiffs' request for fees related to their opposition to Defendants' motion to dismiss, but this does not weigh heavily in the Court's determination. As the Plaintiffs have only brought state law claims, research performed in opposing Defendants' motion to dismiss in Federal Court may well be useful in opposing such a motion in state court. Furthermore, that Defendants brought a motion to dismiss in this Court reinforces the Court's view that Defendants truly did wish to litigate in this forum, and did not remove simply to waste time and money.

DATED this 13th day of February, 2018.

BY THE COURT:

_____/s/_____
James K. Bredar
Chief Judge